UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERRY R. WHITE,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | Case No. C11-5860-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Sherry R. White seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. Ms. White contends the ALJ erred by (1) failing to find colitis, high blood pressure, kidney stones, and mental impairment were severe impairments at step two; (2); discounting the opinions of treating and examining physicians; and (3) discounting her testimony. Dkt. 21. As discussed below, the Court recommends the Commissioner's decision should be **AFFIRMED** and the case be **DISMISSED** with prejudice.

**BACKGROUND**

The procedural history is not at issue and will not be discussed. *See* Dkt. 20 at 3-4 (opening brief) and Dkt. 21 at 1-3 (response). At issue is the ALJ's written decision finding Ms.

REPORT AND RECOMMENDATION - 1

White not disabled. Tr. 19-33. Utilizing the five-step disability evaluation process,[1] the ALJ found at step one, Ms. White had not worked since June 23, 2004; at step two, Ms. White had the following severe impairments: Left eye visual deficit and the residual effects of a remote cerebral aneurysm; at step three, these impairments did not meet or equal the requirements of a listed impairment[2]; that Ms. White had the residual functional capacity ("RFC") to perform light work, with the following limitations: she can climb ramps and stairs occasionally she cannot climb ladders/ropes/scaffolds; she has limited near visual acuity and no depth perception; she cannot be exposed to hazardous conditions such as unprotected heights and hazardous machinery; at step four, Ms. White could not perform her past work; and at step five, as there are jobs Ms. White can perform, she is not disabled. Tr. 19-33.

As the Appeals Council denied Ms. White's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 5.

**DISCUSSION**

**A.    The ALJ's step two determination**

Ms. White contends the ALJ erred by failing to find colitis, high blood pressure, kidney stones and mental impairment were severe impairments at step two. Dkt. 20 at 8. At step two, Ms. White had the burden to show each of these conditions was a medically determinable impairment, and the impairment was severe for at least 12 continuous months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The step two inquiry is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ may find an impairment "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Id*. An impairment is

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

severe if it significantly limits the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521(a), 416.921(a).

The ALJ found colitis, high blood pressure, and kidney stones "do not reach the severe level because they are not expected to last more than twelve months (20 CFR 404.1509 and 416.909) and/or they do not cause more than minimal effect on the claimant's physical abilities to perform basic work activities. (20 CFR 404.2521 and 416.921)"  Tr. 25.  Ms. White has not challenged the ALJ's finding these conditions are not expected to cause severe impairment more than twelve months.  As Ms. White bears the burden to show the ALJ erred, and has failed to do so, the ALJ's step two finding that colitis, high blood pressure, and kidney stones are not severe impairments should be affirmed.  *See, e.g., Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

The ALJ found Ms. White's mental impairment was not a severe impairment on the ground that "the records lacks diagnosis by an acceptable medical source" as required by the social security regulations.  Tr. 25.  The ALJ found Kim Webster, M.D., examined Ms. White and noted in her report "I think she definitely has attention deficit disorder" ("ADHD") because Ms. White would jump from subject to subject in speaking with the doctor.  Tr. 394.  The ALJ rejected Dr. Webster's notation as a valid diagnosis of ADHD because the doctor did not perform a mental status examination and did not include ADHD in her list of diagnosed impairments.  Tr. 25.  These are valid grounds to support the ALJ's finding.

An impairment is deemed medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. §§ 404.1508, 416.908.  To be medically determinable, a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings.  *Id*.  Here there is nothing showing Dr.

REPORT AND RECOMMENDATION - 3

1  Webster utilized a medically acceptable technique to diagnose Ms. White with ADHD.  In fact
2  there is nothing showing the doctor actually diagnosed Ms. White with ADHD, as the doctor
3  omitted ADHD from the diagnosis she set forth in her report.  Tr. 397.
4         The ALJ also found Elice McVay, Ph.D., performed a consultative psychological
5  examination which did not establish Ms. White had a medically determinable mental
6  impairment.  *Id.*  The record supports this finding.  In her report, Dr. McVay opined Ms. White
7  might have memory problems but "the results of the current testing cannot be used to either rule
8  in or rule out such problems because of her performance on the Test of Memory Malingering."
9  Tr. 364.  Dr. McVay's diagnosis also supports the ALJ's finding.  The doctor opined as to Axis I,
10 no diagnosis at this time; as to Axis II deferred; and as to Axis III, brain aneurism by self-report
11 4 years ago, pain in spine and neck, headaches by self-report, kidney stones and ovaian cysts by
12 self report, high blood-pressure.  *Id.*
13        And finally, the ALJ found Susan Muth, M.A., conducted a psychological evaluation
14 diagnosing Ms. White with mood disorder.  Tr. 25.  However, as the ALJ noted, Ms. Muth
15 opined Ms. White's psychological problems were not expected to last more than six months.  Tr.
16 509.  Additionally, evidence from an acceptable medical source is required to establish the
17 existence of a medically determinable severe impairment.  20 C.F.R. §§ 404.1513(a), 416.913(a).
18 Acceptable medical sources include licensed physicians, either medical or osteopathic doctors.
19 *Id.*  As Ms. Muth is not an acceptable medical source, her opinions cannot be relied upon to
20 establish the existence of a mental impairment such as mood disorder.
21        In short, the ALJ gave valid reasons, supported by the record, to find at step two that
22 colitis, high blood pressure, kidney stones and mental impairment were not severe impairments.
23 While Ms. White has argued "there is ample evidence in the medical record and from Plaintiff's

own testimony that these conditions are severe impairments," she has not cited to anything in the record to support this claim. She has also not contested the ALJ's finding that the evidence showed Ms. White's impairments did not meet the twelve month duration test necessary to be deemed severe impairments, and has also not shown why the ALJ's step two findings are not supported by substantial evidence. Accordingly, the ALJ's findings at step two should be affirmed.

**B.      The ALJ's evaluation of the treating and examining doctors' opinions**

After listing some of the legal principles applicable to the weight an ALJ should give medical source opinions, Ms. White argues "[b]ased on the foregoing, it is clear that the ALJ failed to have clear and convincing [sic] for entirely rejecting the opinions of Plaintiff's treating sources, and in failing to give their opinions controlling or at least great weight as the Orn, Holohan, Murray, Lester, and Ryan and other cases cited required." Dkt. 20 at 11-12.

This is not an explanation or argument about how or why the ALJ erred in rejecting the doctors' opinions. Rather it amounts to a conclusory statement that the ALJ erred under the law. It is not enough for a claimant to merely to present an argument in the skimpiest way, and then leave the Court to do counsel's work—framing the argument and putting flesh on its bones through a discussion of the applicable law and facts.[3] If it were, a claimant's opening brief could be reduced to a few lines such as: the ALJ erred by failing to accept all of the opinions of

---

[3] *See e.g.*, *Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc*., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

REPORT AND RECOMMENDATION - 5

the doctors, and all of the testimony of the claimant.

Additionally, this is not a case where the ALJ disregarded relevant medical evidence or rejected medical source opinions without comment.  It is also not a case where the ALJ's evaluation of the medical evidence is facially invalid.  Instead, the ALJ's decision discussed the opinions of the medical and other sources, and set forth her reasons for the weight she gave each opinion.  As Ms. White disagrees with the ALJ's evaluation of the evidence, it was incumbent on her to articulate reasons, supported by the record, showing the ALJ erred.  As Ms. White has failed to provide any argument supported by reasons showing the ALJ erred in evaluating the opinions of the treating and examining doctors, the Court accordingly affirms the ALJ's findings as to these doctors.

**C.     The ALJ's evaluation of Ms. White's credibility**

Ms. White contends the ALJ erred in discounting her testimony.  Dkt. 20 at 10.  In specific, Ms. White argues the ALJ erred in discounting her testimony on the grounds she engaged in "normal daily living activities."  *Id.*

Ms. White is right; an ALJ may not penalize a claimant for attempting to live a normal life in the face of his limitations.  *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from h[is] credibility as to h[is] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007 ) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills

1  cannot form the basis of an adverse credibility determination.  *Orn v. Astrue*, 495 F.3d 625, 639

2  (9th Cir. 2007).

3        Here, the ALJ discounted Ms. White's testimony on the grounds she could raise her foot

4  to tie her shoe; drive a car; cook and wash dishes with breaks; do laundry, use the phone and pull

5  weeds; and occasionally socialize with friends.  Tr. 30.  These are minimal activities that show

6  Ms. White is attempting to live a normal life and are thus not ground to discount her credibility.

7  Accordingly, the ALJ erred in relying on Ms. White's daily activities to discount her credibility.

8        The ALJ, however, gave other reasons to discount Ms. White's credibility, none of which

9  have been challenged by Ms. White.  Tr. 32.  At best, Ms. White argues the "ALJ rejected

10  Plaintiff's testimony for reasons that are not entirely clear from the ALJ's decision."  Dkt. 20 at

11  8.  But contrary to this claim, the decision sets forth the following reasons to discount Ms.

12  White's testimony:  (1)  that the intensity, persistence and limiting effects of her impairments

13  were not supported by the medical evidence; (2) that Ms. White's work history did not

14  correspond to the date of her aneurysim; (3) that Ms. White stopped working not because of

15  limitations caused by a severe impairment but because she decided to be a homemaker; (4) that

16  medications controlled her high blood pressure; (5) that in 2006 altenol, to control blood

17  pressure, and over the counter pain medications were the only medications Ms. White was

18  taking; (6) that from September 2006 to January 2009 she received no medical treatment; (7) that

19  a field officer interviewer noted Ms. White had no difficulties understanding, being coherent and

20  concentrating; (8) that Kim Webster, M.D., opined there was no objective evidence for

21  exertional, postural, manipulative, communicative or environmental limitations; (9) that the

22  reviewing doctors and agency evaluators found no medically determinable mental impairments;

23  and (10) that Dr. Webster opined Ms. White could perform light work.  Dkt. 30-31.

REPORT AND RECOMMENDATION - 7

These unchallenged reasons are also valid reasons to discount Ms. White's credibility. Accordingly, the Court affirms the ALJ's credibility findings as to Ms. White's testimony.

**D.     The ALJ's step five findings**

Ms. White argues the ALJ erred at step five. This argument is foreclosed by the Court's findings that the ALJ did not err at step two, or in assessing her testimony and the testimony of the medical sources.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision should be **AFFIRMED** and recommends the case be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **October 26, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **November 2, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 12th day of October, 2012.

　　　　　　　　　　　　　　　　　　BRIAN A. TSUCHIDA
　　　　　　　　　　　　　　　　　　United States Magistrate Judge